**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**

  **vs**                **Case No. 00-00048-18 (JAF)**

**MARIO COLON
aka "BARBU"
T/N MARIO COLON-CORNIER**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MOTION NOTIFYING SUPERVISED RELEASE VIOLATIONS
AND REQUEST FOR THE ISSUANCE OF AN ARREST WARRANT**

**TO THE HONORABLE JOSE A. FUSTE, CHIEF
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO**

  **COMES NOW, VICTOR CARLO-CHEVERE, U.S. PROBATION OFFICER** of this Honorable Court, and respectfully presents an official report upon the conduct of Mr. Mario Colón.

  Mr. Colón was sentenced by Your Honor on June 26, 2001, to thirty (30) months in custody and a three (3) year term of supervised release, for violation of Title 21, United States Code, Section 846. A $100.00 special monetary assessment was imposed. In addition to the standard thirteen (13) supervision conditions, Mr. Colón was ordered to submit to urinalysis and to participate in a substance abuse treatment program if substance abuse is detected. No other special condition was imposed.

  **RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT:**

1. **Violation of Statutory Condition** - **"The defendant shall not commit another federal, state or local crime."**

On January 22, 2004, Mr. Colón pled guilty of Driving Under the Influence of Alcoholic Beverages. Said conduct took place on January 31, 2003.

On March 30, 2005, Mr. Colón pled guilty of Driving Under the Influence of Alcoholic Beverages. Said conduct took place on July 4, 2004. He spent eleven days imprisoned.

2. **Violation of Condition Number 2** - **"the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month".**

Mr. Colón failed to report to the office on June 21, 2005. He also failed to report by phone as instructed on August 04, 2005. Mr. Colón also failed to report the above mentioned arrest as required in the Monthly Supervision Report.

3. **Violation of Condition Number 3** - **"the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer".**

On June 16, 2005, Mr. Colón denied on at least three times having being convicted in any case against him while on supervised release.

On June 23, 2005, Mr. Colón admitted the DWI conviction of March 2005. He denied any previous arrest or conviction while under supervised release. On August 22, 2005, an investigation confirmed that Mr. Colón was arrested on January 31, 2003, while driving under the influence of alcohol.

4. **Violation of Condition Number 7** - **"the defendant shall refrain from the excessive use of alcohol."**

On January 31, 2003, Mr. Colón was detained by the Puerto Rico Police while driving. A test to determine the presence of alcohol was performed and yielded .15% of alcohol concentration in Mr. Colon's organism.

On July 4, 2004, Mr. Colón was again detained by driving under the influence of alcohol in the Cabo Rojo, PR area. A test to determine the presence of alcohol yielded .23% of alcohol concentration in Mr. Colon's organism.

5. **Violation of Condition Number 11** - **"the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer".**

Neither the January 31, 2003 nor July 4, 2004 of Mr. Colon's were notified. Both arrests came to the Probation Officer's knowledge either by investigation or a third party.

6. **Violation of Special Condition -** "**The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release, and at least two periodic tests thereafter, and whenever requested by the U.S. Probation Officer. If any such samples detect substance abuse, that the defendant participate in a substance abuse treatment program arranged and approved by the probation officer until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer".**

On June 27, 2005, while being interviewed, Mr. Colón admitted having used heroin three days before. However, recurrent use of such substance was denied. Although he was provided with ambulatory treatment at the Dr. Cangiano & Associates Clinic in Ponce, PR, the use of morphine

was detected in urine samples collected on July 19, 2005 and August 3, 2005. On August 19, 2005, Mr. Colón declined to receive inpatient treatment as he denied any addictive problem.

**WHEREFORE**, I declare under penalty of perjury that the foregoing it's true and correct. In light of the aforementioned violations incurred by Mr. Colón, it is respectfully requested that a warrant for his arrest be issued so that he may appear before this Honorable Court to show cause why his supervised release term should not be revoked; thereupon, Mr. Colón to be dealt with pursuant to law.

In San Juan, Puerto Rico, this 23rd of August, 2005.

Respectfully submitted,

EUSTAQUIO BABILONIA, CHIEF
U.S. PROBATION OFFICER


S/Víctor Carlo-Chévere
Víctor Carlo-Chévere
U.S. Probation Officer
Federal Office Building Room 400
150 Carlos Chardón Avenue
San Juan PR 00918-1741
Tel. 787-281-4966
Fax 787-281-4940
Email: Victor_Carlo@prp.uscourts.gov

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 23rd day of August 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send the notification of such filing to the following: Sonia I. Torres, Assistant U.S. Attorney, and Mariangela Tirado-Vales, Esq.

S/Víctor Carlo-Chévere
Víctor Carlo-Chévere
U.S. Probation Officer
